IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| BRENDA ROLLINS, and<br>DANNY ROLLINS, her husband,<br><br>Plaintiffs,<br><br>vs.<br><br>UNITED STATES POSTAL SERVICE,<br>and UNITED STATES OF AMERICA,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | No. CIV-14-809-C |

MEMORANDUM OPINION AND ORDER

This cause of action arises out of a motor vehicle collision which occurred on April 22, 2011, between Plaintiff Brenda Rollins and Jason Marlatt, an employee of the U.S. Postal Service. Plaintiffs allege that Marlatt's negligent driving caused the collision and that Marlatt was acting within the scope of his employment at the time of the collision. On February 20, 2013, Plaintiffs filed a claim with the United States Postal Services. That claim was denied on February 4, 2014. Plaintiffs subsequently filed suit in this Court on August 1, 2014. At the time of the accident, Brenda Rollins was an employee of Healthback Homehealth. Healthback Homehealth's insurance company, CompSource Oklahoma, has paid medical and indemnity benefits to Brenda Rollins pursuant to the Oklahoma Workers' Compensation Code.

On October 6, 2014, CompSource Oklahoma filed a Motion for Intervention (Dkt. No. 9). Plaintiffs and Defendants have filed Responses (Dkt. Nos. 14 & 19), requesting that the

Court deny CompSource Oklahoma's Motion. CompSource Oklahoma filed a Reply (Dkt. No. 21). The motion is now at issue.

CompSource Oklahoma argues it is entitled to intervene "as a matter of right" pursuant to Fed. R. Civ. P. 24(a) and 85 Okla. Stat. § 44. Rule 24 permits a party to intervene as a right in two circumstances: (1) when the party "is given an unconditional right to intervene by a federal statute," or (2) when the party "claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." CompSource Oklahoma does not specifically state which portion of Rule 24 entitles it to intervene. Because 85 Okla. Stat. § 44 is a state statute and cannot be the basis for intervening under Rule 24(a)(1), the Court will interpret that CompSource Oklahoma is seeking to intervene pursuant to Rule 24(a)(2). Intervention as of right is permitted under Rule 24(a)(2) if:

> (1) the application is "timely"; (2) "the applicant claims an interest relating to the property or transaction which is the subject of the action"; (3) the applicant's interest "may as a practical matter" be "impair[ed] or impede[d]"; and (4) "the applicant's interest is [not] adequately represented by existing parties."

Coalition of Ariz./N.M. Counties for Stable Econ. Growth v. Dep't of Interior, 100 F.3d 837, 840 (10th Cir. 1996); Ute Distrib. Corp. v. Norton, 43 F. App'x 272, 275 (10th Cir. 2002). The Tenth Circuit is "'somewhat liberal'" in allowing intervention as matter of right. Utah Ass'n of Counties v. Clinton, 255 F.3d 1246, 1249 (10th Cir. 2001).

CompSource Oklahoma argues that it has a statutory right to subrogation pursuant to 85 Okla. Stat. § 44 and that intervention is warranted "in order to protect its right to be reimbursed for the funds it has expended for Plaintiff Brenda Rollins' benefit in the workers' compensation claim." (CompSource Oklahoma's Br., Dkt. No. 9, at 2; CompSource Oklahoma's Reply, Dkt. No. 21, at 1.) Plaintiffs' and Defendants' Responses (Dkt. Nos. 14 & 19) differ greatly.

Plaintiffs stipulate that CompSource Oklahoma has a subrogation lien, which Plaintiffs "will honor"; however, Plaintiffs assert that CompSource Oklahoma's subrogation rights do not arise under 85 Okla. Stat. § 44 because that statute "has been repealed." (Pl.'s Resp., Dkt. No. 14.) Plaintiffs' assertion is incorrect. 85 Okla. Stat. § 44 of the Workers' Compensation Act was the law in effect when Plaintiff Brenda Rollins' and Marlatt's vehicles collided. On August 26, 2011, the Oklahoma Legislature replaced the Workers' Compensation Act with the Workers' Compensation Code. 85 Okla. Stat. § 44 was repealed and replaced with 85 Okla. Stat. § 348, which was then repealed on February 1, 2014. Plaintiffs filed suit on August 1, 2014. The Oklahoma Supreme Court has held that "the law in effect at the time of an employee's injury controls in workers' compensation matters." King Mfg. v. Meadows, 2005 OK 78, ¶ 11, 127 P.3d 584, 589. "The statutes then in force form a part of the contract and determine the substantive rights and obligations of the parties." Id. An exception to this rule "is that amendments relating solely to remedies and affecting only modes of procedure 'are generally held to operate retroactively and apply to pending proceedings.'" Scruggs v. Edwards, 2007 OK 6, ¶ 8, 154 P.3d 1257, 1261 (quoting

King Mfg., 2005 OK 78, ¶ 12, 127 P.3d at 589). Amendments that "'*do not create, enlarge, diminish, or destroy accrued or contractual rights*'" are considered procedural. Scruggs, supra (quoting Cole v. Silverado Foods, Inc., 2003 OK 81, ¶ 8, 78 P.3d 542, 546). 85 Okla. Stat. § 44 provides insurance carriers with the right to seek reimbursement from an injured employee who recovered from the party responsible for the injury. See Frank's Tong Serv. v. Lara, 2013 OK CIV APP 22, ¶¶ 17-19, 298 P.3d 539, 543-544. This establishment of rights is "a part of the contract" governing the rights and obligations of the parties involved in workers' compensation claims. Thus, 85 Okla. Stat. § 44 is substantive, not procedural, law, and is the law that controls in this matter. CompSource Oklahoma does have a statutory right to subrogation pursuant to 85 Okla. Stat. § 44.

Defendants argue that CompSource Oklahoma fails to meet requirements of Rule 24(a)(2).[*] Because CompSource Oklahoma is only entitled to intervene as of right if it meets all four requirements, the Court will focus solely on whether CompSource Oklahoma's interest is adequately represented by existing parties. See S.E.C. v. Kings Real Estate Inv. Trust, 222 F.R.D. 660, 668 (D. Kan. 2004) ("Where one of the four elements necessary under Rule 24(a)(2) is not met, intervention as of right is not warranted."). The Tenth Circuit has held that "[e]ven if an applicant satisfies the other requirements of Rule 24(a)(2), it is not

---

[*] Defendants also argue the Court lacks jurisdiction because CompSource Oklahoma failed to file an administrative claim pursuant to 28 U.S.C. § 2675(a) of the Federal Tort Claims Act ("FTCA"). The Court finds it is unnecessary to address this issue. Assuming, arguendo, that the FTCA procedural requirements do not prohibit CompSource Oklahoma from intervening in this cause of action, CompSource Oklahoma has failed to prove that intervention, either as of right or permissively, is appropriate.

4

entitled to intervene if its 'interest is adequately represented by existing parties.'" San Juan Cnty., Utah v. United States, 503 F.3d 1163, 1203 (10th Cir. 2007) (quoting Fed. R. Civ. P. 24(a)(2)). "[R]epresentation is *adequate* 'when the objective of the applicant for intervention is identical to that of one of the parties.'" City of Stilwell, Okla. v. Ozarks Rural Elec. Co-op. Corp., 79 F.3d 1038, 1042 (10th Cir. 1996) (quoting Bottoms v. Dresser Indus., Inc., 797 F.2d 869, 872 (10th Cir. 1986)). CompSource Oklahoma and Plaintiffs have identical interests because CompSource Oklahoma's interest is completely reliant upon Plaintiffs' ability to recover in this suit. See Harris v. Heubel Material Handling, Inc., No. 09-1136-EFM, 2011 WL 1231155, *2 (D. Kan. March 29, 2011). CompSource Oklahoma's interest is protected by statute, and Plaintiffs have stipulated that CompSource Oklahoma has a lien on the potential recovery sought in this action. Thus, CompSource Oklahoma's interests are adequately represented, and CompSource Oklahoma has made no attempt to show otherwise. CompSource Oklahoma is not entitled to intervene under Rule 24(a).

CompSource Oklahoma also requests that the Court allow it to refile a motion seeking permissive intervention pursuant to Fed. R. Civ. P. 24(b) based on its right to recoup from Plaintiffs. "On timely motion, the court may permit anyone to intervene who . . . has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1)(B). Permissive intervention is not appropriate in this case. The only reason CompSource Oklahoma argues that intervention is necessary is "to protect its right to be reimbursed." (CompSource Oklahoma's Reply, Dkt. No. 21, at 1.) The Court already has determined that CompSource Oklahoma's rights are adequately protected. See Am.

Ass'n of People with Disabilities v. Herrera, 257 F.R.D. 236, 249 (D.N.M. 2008) ("While not a required part of the test for permissive intervention, a court's finding that existing parties adequately protect prospective intervenors' interests will support a denial of permissive intervention.").

Accordingly, the Motion for Intervention by CompSource Oklahoma (Dkt. No. 9) is DENIED.

IT IS SO ORDERED this 31st of December, 2014.

_____
ROBIN J. CAUTHRON
United States District Judge