# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

BRENDA ROLLINS, and )
DANNY ROLLINS, her husband, )
                                  )
                    Plaintiffs, )
                                    )
             vs. )           No. CIV-14-809-C
                                    )
UNITED STATES POSTAL SERVICE, )
and UNITED STATES OF AMERICA, )
                                    )
                  Defendants. )

## MEMORANDUM OPINION AND ORDER

This cause of action arises out of a motor vehicle collision which occurred on April 22, 2011, between Plaintiff Brenda Rollins and Jason Marlatt, an employee of the U.S. Postal Service. Plaintiffs allege that Marlatt's negligent driving caused the collision and that Marlatt was acting within the scope of his employment at the time of the collision. On February 20, 2013, Plaintiffs filed a claim with the U.S. Postal Service ("USPS"). That claim was denied on February 4, 2014. Plaintiffs subsequently filed suit in this Court on August 1, 2014. Plaintiffs allege Defendants are liable for the negligent conduct of Marlatt as their employee and for the failure to properly screen, hire, train and/or supervise Marlatt. Defendants have filed a Partial Motion to Dismiss (Dkt. No. 8), pursuant to Fed. R. Civ. P. 12(b)(1), arguing the Court lacks subject matter jurisdiction over Plaintiffs' claim of negligent hiring and retention because Plaintiffs failed to comply with the requirements of the Federal Tort Claims Act, 28 U.S.C. §§ 2671, et seq. ("FTCA"). Defendants also argue that USPS is not a proper party.

Defendants argue the administrative claim failed to provide sufficient notice of Plaintiffs' claim of negligent hiring and retention as required under 28 U.S.C. § 2675 of the FTCA. Because the FTCA governs Plaintiffs' claims, the Court's jurisdiction "depends upon a claimant presenting to the appropriate federal agency '(1) a written statement sufficiently describing the injury to enable the agency to begin its own investigation, and (2) a sum certain damages claim." Staggs. v. U.S. ex rel. Dep't of Health & Human Servs., 425 F.3d 881, 885 (10th Cir. 2005) (quoting Cizek v. United States, 953 F.2d 1232, 1233 (10th Cir. 1992)). Although the notice requirements of § 2675(a) should be strictly construed, they "should not be interpreted inflexibly." Estate of Trentadue ex rel. Aguilar v. United States, 397 F.3d 840, 852-853 (10th Cir. 2005). An administrative claim "'need not elaborate all possible causes of action or theories of liability,'" but the claim does need to notify "'the agency of the facts of the incident.'" Id. (quoting Barnson v. United States, 531 F.Supp. 614, 623 (D. Utah 1982)). The test is whether "the claim's language 'serves due notice that the agency should investigate the possibility of particular (potentially tortious) conduct.'" Staggs, 425 F.3d at 884 (quoting Trentadue, 397 F.3d at 853) (internal quotation marks and citation omitted). Plaintiffs' administrative claim materials describe the accident, stating that Marlatt "failed to yield at stop sign" and that Brenda Rollins "sustained personal injuries and her vehicle was totaled." (Defs.' Br., Dkt. No. 8, Ex. 1, at 1.) However, nothing in Plaintiffs' administrative claim suggests that Defendants were negligent in the hiring or retention of Marlatt. Plaintiffs provide no explanation as to how the administrative claim materials place Defendants "clearly on notice of these issues." (Pls.' Resp., Dkt. No. 13, at

1.)  The materials contain a letter from Plaintiffs' counsel that generally references the "department's negligence in this matter."  (Defs.' Br., Dkt. No. 8, Ex. 2, at 2.)  The Court agrees with Defendants that this statement does not provide notice to the USPS to investigate the possibility of a negligent hiring and retention claim.  Defendants could not reasonably conclude that the "department's negligence" referred to a claim distinct from the claim that Defendants' employee negligently caused the automobile accident.  Because Plaintiffs' administrative claim failed to meet the notice requirements of 28 U.S.C. § 2675, the Court has no jurisdiction over Plaintiffs' claim that Defendants' failed to properly screen, hire, train and/or supervise Marlatt.  See Bradley v. United States ex rel. Veterans Admin., 951 F.2d 268, 270 (10th Cir. 1991) (holding that the notice of requirements of 28 U.S.C. § 2675 "are jurisdictional and cannot be waived.").  Thus, that claim must be dismissed.  Fed. R. Civ. P. 12(h)(3).

Defendants are correct that USPS is not a proper party to this action.  "The United States is the only proper defendant in an FTCA action."  Oxendine v. Kaplan, 241 F.3d 1272, 1275 n.4 (10th Cir. 2001); Smith v. United States, 561 F.3d 1090, 1099 (10th Cir. 2009).

Accordingly, Defendants' Partial Motion to Dismiss (Dkt. No. 8) is GRANTED.

IT IS SO ORDERED this 7th of April, 2015.


ROBIN J. CAUTHRON
United States District Judge